IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHELSEA KROGER ACOSTA, AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF EMERSON KATE COLE, DECEASED, | § § § § § | |
| *Plaintiffs*, | § § | Civil Action No. _____ |
| v. | § § | |
| AMARILLO INDEPENDENT SCHOOL DISTRICT | § § § | |
| *Defendant*. | § | JURY TRIAL DEMANDED |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs CHELSEA KROGER ACOSTA, AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF EMERSON KATE COLE, DECEASED ("Plaintiff"), and files this her Original Complaint complaining of AMARILLO INDEPENDENT SCHOOL DISTRICT ("Defendant Amarillo ISD"), and would respectfully show the Court the Following:

I.
NATURE AND PURPOSE OF THE ACTION

1. Emerson Kate Cole was born on April 4, 2012. At the time of the incident made subject of this lawsuit, Emerson was a student at Lorenzo de Zavala Middle School in the Amarillo Independent School District.

2. Emerson was diagnosed with a severe allergy to dairy. As part of her allergy treatment, Emerson had a 504 Action Plan on file with Amarillo ISD, which detailed the procedures that school employees should take in the event Emerson experienced an allergic reaction. Specifically, the Action Plan required that in the event Emerson began having an allergic

1

reaction, school personnel were to administer epinephrine, call emergency medical services and notify Emerson's parents. Emerson's condition qualifies her as an individual with a disability, pursuant to the Americans with Disabilities Act, 28 U.S.C. § 12102.

3. On January 17, 2023, Emerson Kate Cole had an allergic reaction at Lorenzo de Zavala Middle School. The employees of Amarillo ISD refused to administer epinephrine to Emerson, per her emergency Action Plan, and on January 19, 2023, she passed away as a result of anaphylaxis.

## II.
## THE PARTIES

4. Emerson Kate Cole was a citizen of the State of Texas and was, at all pertinent times, a student at Amarillo Independent School District.

5. Plaintiff Chelsea Kroger Acosta is an individual citizen of the State of Texas and a resident of Potter County. She is the Independent Administrator of the Estate of Emerson Kate Cole's. Her address is 2013 Westwood, Amarillo, Texas 79124.

6. Defendant Amarillo Independent School District is a school district organized under the laws of the State of Texas. At all times pertinent to this case, Emerson Kate Cole was a student at Amarillo ISD. Defendant Amarillo ISD may be served by and through its Superintendent, Dough Loomis, 7200 Interstate 40 West, Amarillo, Texas 79106-2598.

## III.
## JURISDICTION

7. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1343 because the matters in controversy arise under the Constitution and the laws of the United States, including the Americans with Disabilities Act and the Rehabilitation Act.

8. Furthermore, this Court has jurisdiction to award attorney's fees and costs to the Plaintiff under the Americans with Disabilities Act, 42 U.S.C. § 12205.

## IV.
## VENUE

9. Pursuant to 28 U.S.C. § 1391, venue is proper before this Court because the events and omissions giving rise to the Plaintiff's claims occurred in the Northern District of Texas, Amarillo Division.

## V.
## FACTUAL ALLEGATIONS

10. On or about January 17, 2023, Emerson Kate Cole was eating her lunch in the cafeteria of Lorenzo de Zavala Middle School.

11. Emerson began experiencing an allergic reaction and went to the nurse's office. When Emerson arrived at the nurse's office, the school nurse was not there. A school official then called Emerson's mother, Chelsea Kroger Acosta, and asked if they could give Emerson Benadryl to help with her allergic reaction. Plaintiff Chelsea Kroger Acosta said yes. Emerson was then given Benadryl but became sick and threw up. In the meantime, Emerson's grandmother, Carole Kroger, headed to the school. When Carole Kroger arrived at the school, Emerson was struggling with a breathing treatment. Carole Kroger then went back to her car to get her cell phone and call the Amarillo Fire Department Station #11 located at 2401 N. Coulter Street. When Carole Kroger reached the Amarillo Fire Department Station #11 they informed her that they had just received the emergency call from the school and were headed to the school. Carole Kroger then went back into the school nurse's office where Emerson collapsed and Carole Kroger put her on the floor to start administering CPR. Shortly thereafter, the Amarillo Fire Department Station #11 crew arrived and took over care of Emerson.

12. At approximately 12:34 p.m. the ambulance arrived at Lorenzo De Zavala Middle School and the EMS personnel began treating Emerson for cardiac/respiratory arrest and preparing her for transport to Northwest Texas Hospital (NWTH). Emerson was transported to the Emergency Room at NWTH. Emerson passed away two days later on January 19, 2023. Emerson was eleven years old at the time of her passing.

13. Plaintiff claims that the Amarillo ISD refused to implement policies, procedures and practices required to keep Emerson Kate Cole safe in the manner and particulars noted herein. Further, Amarillo ISD refused to accommodate Emerson Kate Cole's disability.

14. As part of her allergy treatment, Emerson had a 504 Action Plan on file with Amarillo ISD, which detailed the procedures that school employees should take in the event Emerson experienced an allergic reaction. Specifically, the 504 Action Plan required that in the event Emerson began having an allergic reaction, school personnel were to administer epinephrine, call emergency medical services and notify Emerson's parents. Defendant Amarillo ISD knew that Emerson Kate Cole had a 504 Action Plan on file and refused to follow the 504 Action Plan by refusing to administer epinephrine to Emerson Kate Cole while she was having an allergic reaction at Lorenzo De Zavala Middle School. As a result of Defendant Amarillo ISD's refusal to comply with the 504 Action Plan, Emerson Kate Cole died.

15. For these and other civil rights violations, Plaintiff seeks damages as the Administrator of the Estate of Emerson Kate Cole, for the injuries more fully discussed below. A true and correct copy of the Letters of Administration issued to Plaintiff Chelsea Kroger Acosta is attached as **Exhibit "A."** Plaintiff brings this action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq ("ADA") and the Rehabilitation Act.

## VI.

## COUNT I
## SECTION 504 OF THE REHABILITATION ACT OF 1973

16. Due to Emerson's dairy allergy, Emerson is a qualified individual with a disability under section 504 of the Rehabilitation Act, 29 U.S.C. § 794 because she is substantially limited in the major life activity of eating. Further, if Emerson experiences an allergic reaction, she is substantially limited in the major life activity of breathing, as was the case here. During an allergic reaction, Emerson experienced substantial impairment of major bodily functions, including the function of her circulatory, immune, and respiratory systems.

17. Defendant Amarillo ISD is a recipient of federal financial assistance because it has accepted federal funds from, *inter alia*, the United States Department of Agriculture.

18. Defendant Amarillo ISD discriminated against Emerson solely on the basis of her disability by refusing to administer epinephrine as is required by her 504 Action Plan. That refusal excluded Emerson from the educational programming it offers to other non-disabled children. In so doing, Defendants denied Emerson meaningful access and an equal opportunity to participate in and benefit from Defendant's programs and activities in violation of section 504 of the Rehabilitation Act.

19. Defendant Amarillo ISD's exclusion of Emerson was intentional.

20. Emerson was injured and died as the result of Defendant Amarillo ISD's conduct.

## COUNT II

## AMERICANS WITH DISABILITIES ACT

21. Plaintiff re-alleges the foregoing paragraphs in support of her claim.

22. Emerson Kate Cole's condition qualifies her as an individual with a disability, pursuant to the Americans with Disabilities Act, 28 U.S.C. § 12102, as Emerson had a physical

5

impairment that substantially limited one or more major life activities, including breathing and eating.

23. On January 17, 2023, Emerson Kate Cole had an allergic reaction at Lorenzo de Zavala Middle School. The Amarillo ISD employees refused to administer epinephrine to Emerson, per her emergency 504 Action Plan, and on January 19, 2023, she passed away as a result of anaphylaxis.

24. The facts as previously described demonstrate violations of the Americans with Disabilities Act, 24 U.S.C. § 12131 et seq ("ADA").

25. Emerson Kate Cole was a "qualified individual with a disability" as defined in 42 U.S.C. § 12131(2), with her dairy allergy affecting her major life activities, as noted above.

26. Amarillo ISD is deemed a "public entity" as defined in 42 U.S.C. § 12131(1). Amarillo ISD also receives federal financial assistance so as to be covered by the mandate of the ADA.

27. In violation of 42 U.S. Code § 12132, Amarillo ISD refused to reasonably accommodate Emerson's disability and modify their services in violation of Title II of the ADA by not having a safe and non-hostile educational environment. Such failures caused injuries to Emerson, leading to her death.

28. In violation of 42 U.S. Code § 12132, Amarillo ISD refused to reasonably accommodated Emerson's disability and modify their services in violation of Title II of the ADA by not training their school employees in how to administer an epinephrine (EPI) shot. Such failures caused injuries to Emerson, leading to her death.

29. Amarillo ISD had knowledge that Emerson's federally protected right to life would be substantially violated by the refusal to administer epinephrine, and Amarillo ISD refused to administer the epinephrine despite that knowledge.

30. Emerson was a victim of discrimination based upon her disability by the acts and omissions of Amarillo ISD.

## VII.
## DAMAGES

31. Plaintiff incorporates by reference all the above related paragraphs, as if fully set forth.

32. <u>Americans With Disabilities Act Damages</u>.  The Amarillo ISD violations of the Americans With Disabilities Act proximately caused the death of Emerson Kate Cole.  Plaintiff Chelsea Kroger Acosta, as the Independent Administrator of the Estate of Emerson Kate Cole, asserts all damages recoverable pursuant to the Americans With Disabilities Act, including:

   a. The physical pain experienced by Emerson Kate Cole prior to her death;
   b. The mental anguish and suffering experienced by Emerson Kate Cole prior to her death;
   c. The medical expenses incurred by Emerson Kate Cole prior to her death; and
   d. The funeral and burial expenses associated with Emerson Kate Cole's death.
   e. Loss of life for Emerson Kate Cole.

## VIII.
## ATTORNEY FEES

33. Plaintiff incorporates by reference all the above related paragraphs, as if fully set forth.

34. It was necessary for Plaintiff to hire the undersigned attorney to file this lawsuit.  Upon judgment, Plaintiff is entitled to an award of attorney's fees and costs under 42 U.S.C. § 12205 of the ADA.

## X.
## DEMAND FOR A JURY TRIAL

35. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial in this action for all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant in the manner and particulars noted above, in an amount sufficient to fully compensate for the elements of damages enumerated above, judgment for damages, recovery of attorney's fees and cost for preparation and trial of this cause of action, and for its appeal if required, together with pre- and post-judgment interest, and court costs expended herein, and for such other relief as this Court in equity, deems just and proper.

Dated: July 31, 2024.

Respectfully submitted,

LOVELL, ISERN & FARABOUGH, LLP
112 SW 8th Avenue, Suite 1000
Amarillo, Texas 79101
Telephone: (806) 373-1515
Facsimile: (806) 379-7176
Email: kevin@lovell-law.net

By: */s/ Kevin A. Isern*
    Kevin A. Isern
    State Bar No. 10432900

**ATTORNEYS FOR PLAINTIFF CHELSEA KROGER ACOSTA, AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF EMERSON KATE COLE, DECEASED**